**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**MAKAH INDIAN TRIBE OF THE**
**MAKAH INDIAN RESERVATION,**

**Plaintiff.**

**v.**

**No. 06-cv-889**
**Judge Lynn J. Bush**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**JOINT MOTION FOR TEMPORARY STAY OF LITIGATION**
**AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), the parties respectfully request that the Court issue a temporary stay of the litigation of this case, effective immediately, to and including July 27, 2007. The grounds for this joint motion are as follows:

1. Plaintiff filed this case for money damages and an accounting against the United States on December 26, 2006. Plaintiff's claims and allegations relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff. Currently, Defendant is obligated to file its Answer or otherwise respond to the Complaint by February 26, 2007.

2. On February 9, 2007, Plaintiff's counsel conferred with Defendant's counsel, and, among other things, they discussed and agreed to (a) undertake several activities, including informal requests and productions of relevant or potentially relevant information, documents, and data, so as to enable the launching and conduct of settlement discussions; (b) explore the possibility of settlement in this case; (c) seek a temporary stay of this litigation, to and including July 27, 2007; and (d) allow for the conduct of settlement discussions as deemed appropriate by the parties. Counsel for the parties agreed that, through the requested stay of litigation, they

would confer, at a minimum, about developing and implementing a joint, cooperative process for obtaining relevant or potentially relevant documents and data, consistent with this Court's discovery rules, and for exploring the possibility of settling the case.

3. Additional, counsel for the parties discussed the fact that, by their computation, there are presently approximately 103 tribal trust accounting and trust mismanagement lawsuits pending in this Court[1] and in the United States District Courts in the District of Columbia[2] and in the three Districts of Oklahoma.[3] See Exhibit (Exh.) 1 hereto. Given the number of cases, counsel for the parties agreed that it would be sensible for the Tribes in litigation (including Plaintiff) and Defendant to work together to formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for further litigation, if possible.

4. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff herein) and with counsel for the Tribes in the cases (including counsel for Plaintiff herein), to

---

[1] There are currently 57 Tribal trust cases in the Court of Federal Claims. See Exhibit (Exh.) 1. These 57 cases include not only the instant case but also two others that have been filed by the law firm of Plaintiff's counsel, on behalf of other Tribes: Quechan Tribe of the Fort Yuma Indian Reservation v. United States, No. 06-888-SGB, and Hoopa Valley Tribe v. United States, No. 06-cv-908-LMB.

[2] There are currently 37 Tribal trust cases in the United States District Court for the District of Columbia. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff is not one of those Tribes.

[3] There are currently nine Tribal trust cases in the United States District Courts in Oklahoma. Exh. 1. Most of the Tribes bringing these lawsuits have also filed companion cases in the Court of Federal Claims. Id. Plaintiff is not one of those Tribes.

determine the feasibility of developing a joint, cooperative approach for resolving the Tribes' issues and claims as an alternative to litigation.

5. Given the numbers of Tribal trust cases, Tribes, and Tribes' attorneys, counsel for the parties herein agreed that it would take some time and effort to convene (let alone, conclude) a discussion among the parties in the cases, and that, therefore, it would be proper and appropriate to seek a temporary stay of the litigation in this case, to and including July 27, 2007, so as to permit an adequate opportunity for such a discussion. Also, counsel agreed that, on or before July 27, 2007, they would inform the Court in writing of the outcome of their joint discussion and their proposal, if any, about whether and how to proceed with the case (e.g., informal settlement discussions, ADR, litigation, etc.).

6. Based on the foregoing, the parties hereby respectfully request that the Court grant the following relief:

a. Temporarily stay the litigation of this case, to and including July 27, 2007;

b. Make the temporary stay effective immediately, thus deferring, among other things, the time for Plaintiff to amend its Complaint as of right, and the deadline for Defendants to file its Answer or otherwise respond to the Complaint, until after the termination of the stay;

c. Order that the parties file a joint status report on or before July 27, 2007, informing the Court of the outcome of their discussions and making a proposal to the Court about whether and how to proceed with the case; and

d. Direct that, in the event that the parties seek to reinstate and proceed with the litigation of this case, the parties set forth, in their joint status report and proposal, their recommendations regarding the deadlines for such items as the filing by Plaintiff of its Amended

Complaint (if any); the filing by Defendant of its Answer or response to the Complaint (or Amended Complaint, if any); and the filing of the parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, ¶ 4.

7. On the one hand, the granting of this joint motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein. On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the Tribes in the other Tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other Tribes in this Court and in the United States District Courts.

WHEREFORE, the parties respectfully request that their motion for temporary stay of litigation be GRANTED.

Respectfully submitted this 20th day of February, 2007,

*s/ Martin J. LaLonde*
*for Frank R. Jozwiak*
FRANK R. JOZWIAK
f.jozwiak@msaj.com
*Attorney of Record for Plaintiff*
Morisset, Schlosser, Jozwiak & McGaw
1115 Norton Building
801 Second Avenue
Seattle, Washington 98104-1509
Tel: 206-386-5200
Fax: 206-386-7322

MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Martin J. LaLonde*
MARTIN J. LALONDE (IL Bar# 621820)
Martin.lalonde@usdoj.gov
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0247
Fax: 202-353-2021

*Attorney of Record for Defendant*

Kyme A.M. McGaw
k.mcgaw@msaj.com
*Of Counsel for Plaintiff*
Morisset, Schlosser, Jozwiak & McGaw
1115 Norton Building
801 Second Avenue
Seattle, Washington 98104-1509
Tel: 206-386-5200
Fax: 206-386-7322

OF COUNSEL:

ANTHONY P. HOANG
Anthony.hoang@usdoj.gov
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 200044-0663
Tel: 202-305-0241
Fax: 202-353-2021

THOMAS KEARNS
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

TERESA E. DAWSON
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227