**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MAKAH INDIAN TRIBE OF THE MAKAH INDIAN RESERVATION, | ) | |
| | ) | No. 06-cv-889 LJB |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Judge Lynn J. Bush |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

On March 1, 2007, the Court filed its Order staying this proceeding until July 27, 2007, pursuant to the parties' Joint Motion for Temporary Stay of Litigation. The Order provides that the parties will file a Joint Status Report by July 27, 2007, informing the Court of the outcome of their settlement discussions and, in the event the parties seek to proceed with this litigation, a proposed Scheduling Order. In addition, the parties' Stipulation provides that the parties' Joint Status Report will make a proposal to the Court about whether and how to proceed with the case and, in the event the parties seek to reinstate and proceed with the litigation of this case, the parties will set forth in their Joint Status Report their recommendations regarding the deadlines for such items as the filing by Plaintiff of its Amended Complaint (if any); the filing by Defendant of its answer or response to the Complaint (or Amended Complaint, if any); and the filing of the parties' Joint Preliminary Status Report (JPSR) pursuant to RCFC Appendix A, paragraph 4. Pursuant to the Court's Order of March 1, 2007, and the parties' Stipulation, the parties provide the Court with the following Joint Status Report.

1. The parties have not directly engaged in settlement discussions during the stay period because the parties presently lack sufficient information to conduct informed settlement negotiations. As discussed below, the parties have begun discovery.

2. On May 2, 2007, Plaintiff informally propounded 33 categories of Requests for Production of Records and Documents (RFP) on Defendant. On May 18, 2007, Plaintiff supplemented its informal discovery request to Defendant by propounding an additional two categories of Requests for Production of Records and Documents.

3. On July 16, 2007, the parties, through their attorneys, participated in a telephone conference in which the parties discussed Plaintiff's discovery requests. Defendant's attorneys informed Plaintiff's attorneys of the status of Defendant's response to informal discovery. Defendant has agreed that the letter response to Plaintiff's RFPs and proposed confidentiality agreement will be received by Plaintiff no later than August 3, 2007. Data and documents immediately available will be provided to Plaintiff no later than August 10, 2007. The parties will continue to try to resolve any discovery issues with respect to Plaintiff's RFPs without the aid of the Court.

4. Plaintiff has reserved the right to propound additional formal discovery pursuant to a discovery plan and schedule under the rules of this Court. If Plaintiff does not receive Defendant's responses to its informal discovery requests by August 3, Plaintiff will serve Defendant with a formal discovery request that will include the same RFPs as the informal discovery, no earlier than August 6, 2007.

5. After Plaintiff and its consulting experts have an opportunity to review the responses to RFPs, it is anticipated that additional discovery will be necessary including RFPs

and possibly Interrogatories, Requests for Admission, and depositions. It is premature at this time to develop a meaningful discovery plan beyond the existing RFPs.

6. The parties agree that Defendant's answer or response to the Complaint shall be filed and served no later than September 28, 2007.

7. Plaintiff may amend its Complaint as a matter of right until Defendant's Answer is served.

8. The parties anticipate that discovery in this matter will be extensive and time consuming. The parties will attempt to resolve any discovery disputes between themselves without enlisting the aid of the Court, if possible.

9. Within ten calendar days following service of Defendant's answer or response to the Complaint, Plaintiff will initiate a telephone meeting with all counsel to discuss, among other things, how the parties may wish to proceed in ADR and other matters under Section II(3) of Appendix A, Case Management Procedures.

DATED this 27th day of July, 2007.

MORISSET, SCHLOSSER, JOZWIAK &
McGAW

*/s/ Frank R. Jozwiak*
Frank R. Jozwiak
*Attorney of Record for Makah Indian Tribe*
Morisset, Schlosser, Jozwiak & McGaw
1115 Norton Building
801 Second Avenue
Seattle, Washington 98104-1509
Telephone: 206-386-5200
Facsimile: 206-386-7322
f.jozwiak@msaj.com

*/s/ James M. Upton*
JAMES M. UPTON
*Attorney of Record for the United States*
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0482
Fax: 202-305-0506

T:\WPDOCS\0050\10011\Pleadings\Joint Status Report_02.doc
kfn:7/27/07