IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAKAH INDIAN TRIBE OF THE MAKAH INDIAN RESERVATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-889-L<br>Judge Lynn J. Bush |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant United States of America submits the following Answer to the Complaint.

The numbered paragraphs of the Answer correspond to the numbered paragraphs of the Complaint.

NATURE OF ACTION

1. Paragraph 1 consists of Plaintiff's conclusions of law and its characterizations of its case, to which no response is required.

PARTIES

2. As to the allegations in the first sentence of Paragraph 2, Defendant admits that Plaintiff is a federally recognized Indian tribe. The remainder of Paragraph 2 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.

3. As to the allegations in Paragraph 3, Defendant admits that, pursuant to certain laws and regulations, Defendant has certain trust responsibilities regarding funds and other assets that it holds in trust for Plaintiff.

JURISDICTION

4. Paragraph 4 (which includes sub-paragraphs 4.1-4.11) consists of Plaintiff's

conclusions of law and characterizations of the Constitution, various Acts of Congress, statutes, regulations, written policies, manuals, Executive Orders, and Secretarial Orders, to which no response is required. The Constitution, acts, statutes, and regulations cited in this paragraph are the best evidence of their contents and speak for themselves.

5. Paragraph 5 consists of Plaintiff's characterizations and conclusions of law, to which no response is required.

PLAINTIFF'S ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

6. As to the allegations of Paragraph 6, Defendant admits that Plaintiff occupies the Makah Indian Reservation, that the Reservation is located in the state of Washington, that the Tribe is the beneficial owner of certain land and natural resources within the Reservation, and that Defendant holds certain land and natural resources in trust for Plaintiff. Further, Defendant avers that the allegation "valuable," as used by Plaintiff, is vague and ambiguous, so that Defendant is unable to formulate a specific response thereto.

7. The allegations in Paragraph 7 are Plaintiff's characterizations and conclusions of law, to which no response is required. Defendant avers that Plaintiff has executed a self-governance compact with Defendant pursuant to 25 U.S.C. §§ 458aa *et seq.*, and that Plaintiff has possession and custody of all active realty case files and that it has shared control of its tribal trust lands and resources, as well as any funds derived therefrom.

8. The allegations in Paragraph 8 are Plaintiff's characterizations and conclusions of law, to which no response is required.

9. As to the allegations of Paragraph 9, Defendant admits that the Secretary of the Interior shares control with Plaintiff over Plaintiff's trust funds. Defendant avers that the extent of

Plaintiff's and Defendant's respective control of Plaintiff's trust funds are set forth in the statutes and the implementing regulations regarding Tribal funds held in trust. The remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required.

10. As to the allegations of Paragraph 10, Defendant admits that Defendant shares control with Plaintiff over Plaintiff's monetary and non-monetary trust assets; that Defendant shares management of Plaintiff's forest lands and timber sales; that, from time to time, pursuant to the Secretary's authority, Defendant has approved Tribal leases, rights-of-way, and other conveyances of interest in Plaintiff's trust lands, under certain circumstances; and that Defendant shares control with Plaintiff in the conduct and management of the collection, deposit, investment, and disbursement of income derived from Plaintiff's trust assets, such as funds derived from timber sales, leases, and other contracts and agreements with Plaintiff and/or Defendant. Defendant avers that the remaining allegations are Plaintiff's characterizations and conclusions of law. Defendant further avers that Plaintiff has executed a self-governance compact with Defendant pursuant to 25 U.S.C. §§ 458aa *et seq.*, that Plaintiff has possession of all active realty case files, and that Plaintiff manages certain timber sales itself, including those sales in which revenues are paid directly to Plaintiff and for which Defendant does not manage the revenues.

11. The allegations of Paragraph 11 are Plaintiff's characterizations and conclusions of law, to which no response is required.

12. As to the allegations of Paragraph 12, Defendant avers that the terms "accounting" and "reconciliation," as used by Plaintiff, are vague and ambiguous, *see, e.g.,* Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Subject to the foregoing averment, however,

Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant also avers that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for the Makah Tribe for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992; and (c) from 2002 to the present, periodic statements of performance for Plaintiff's trust fund monies received by Defendant. The remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required.

13. As to the allegations in Paragraph 13, Defendant admits that, in 1991, the Bureau of Indian Affairs (BIA) awarded a contract to Arthur Andersen, LLP, to conduct certain agreed-upon procedures to reconcile certain Tribal trust fund accounts, including Plaintiff's, and that one result of the contracted project was a report entitled "Agreed-Upon Procedures and Findings Report" for the Makah Indian Tribe for Fiscal Years 1973-1992. The remaining allegations are Plaintiff's characterizations and conclusions of law, to which no response is required. The "Agreed-Upon Procedures and Findings Report" for the Makah Tribe is the best evidence of its contents and speaks for itself.

14. The allegations in Paragraph 14 are Plaintiff's characterizations and conclusions of law, to which no response is required. The report is the best evidence of its contents and speaks for itself.

15. The allegations in Paragraph 15 are Plaintiff's characterizations and conclusions of

law, to which no response is required. The report is the best evidence of its contents and speaks for itself.

16. The allegations in Paragraph 16 are Plaintiff's characterizations and conclusions of law, to which no response is required. The report is the best evidence of its contents and speaks for itself.

17. The allegations in Paragraph 17 are Plaintiff's characterizations and conclusions of law, to which no response is required. The cited report is the best evidence of its contents and speaks for itself. Defendant avers that Plaintiff has executed a self-governance compact with Defendant pursuant to 25 U.S.C. §§ 458aa *et seq.*, that Plaintiff has possession of all active realty case files, and that it has shared control of tribal trust lands and natural resources and the income, as well as the trust funds derived therefrom.

18. The allegations in Paragraph 18 are Plaintiff's characterizations and conclusions of law, to which no response is required. The cited report is the best evidence of its contents and speaks for itself. Defendant avers that Plaintiff has executed a self-governance compact with Defendant pursuant to 25 U.S.C. §§ 458aa et seq., that Plaintiff has possession of all active realty case files, and that it has shared control of tribal trust lands and natural resources and the income, as well as the trust funds derived therefrom.

<u>PLAINTIFF'S FIRST CLAIM FOR RELIEF</u>
(Alleged Breach of Fiduciary Trust Duty–Mismanagement of Trust Assets)

19. Paragraph 19, including its sub-paragraphs 19.1-19.19, consists of allegations that are Plaintiff's characterizations and conclusions of law, to which no response is required. Defendant avers that the term "accountings," as used by Plaintiff, is vague and ambiguous, *see, e.g.*, Bogert & Bogert, *Trusts and Trustees* §§ 965-968 (rev. 2d ed. 1982), such that Defendant is unable to

formulate a specific response thereto. Subject to the foregoing averment, however, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant also avers that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) in 1996, a report entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report" for the Makah Indian Tribe for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from 2002 to the present, periodic statements of performance for Plaintiff's trust fund monies received by Defendant. Defendant avers further that Plaintiff has executed a self-governance compact with Defendant pursuant to 25 U.S.C. §§ 458aa *et seq.*, that Plaintiff has possession of all active realty case files, and that Plaintiff has shared control of tribal trust lands and natural resources, as well as the income and funds derived therefrom.

20. The allegations of Paragraph 20 are Plaintiff's characterizations of the terms "Trust Funds" and "Trust Assets" and of its case, to which no response is required.

21. The allegations in Paragraph 21 constitute Plaintiff's characterizations and conclusions of law, to which no response is required.

22. The allegations of Paragraph 22 consist of Plaintiff's characterizations and conclusions of law, to which no response is required.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF
(Allegations Regarding "Full and Complete" Accounting and Document Preservation)

23. The allegations of Paragraph 23 are Plaintiff's characterizations and conclusions of law and request for relief, to which no response is required.

24. The allegations of Paragraph 24 state Plaintiff's characterizations and conclusions of law and request for relief, to which no response is required.

25. The allegations of Paragraph 25 state Plaintiff's characterizations and conclusions of law and request for relief, to which no response is required.

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.

DEFENDANT'S GENERAL DENIAL

Defendant specifically denies each and every allegation of the Complaint that is not otherwise expressly admitted, qualified or denied in the Answer.

AFFIRMATIVE DEFENSES

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2. To the extent that Plaintiff asserts claims that existed on or before August 13, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70a, *et seq*.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel**,** waiver and consent, and other equitable defenses.

4. To the extent that Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a Court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff asserts claims that are barred, in whole or in part, by sovereign immunity.

7. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 28th day of September, 2007.

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ James M. Upton*

JAMES M. UPTON
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0482
Fax: (202) 353-2021
E-mail: james.upton@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

THOMAS R. BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20257