IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAKAH INDIAN TRIBE OF THE MAKAH INDIAN RESERVATION, | ) | |
| Plaintiff | ) | No. 06-cv-889 LJB |
| v. | ) | Judge Lynn J. Bush |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PARTIES' JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF**

By order dated November 7, 2007, the Court required that the Parties file a Confidentiality Agreement and Protective Order on or before November 30, 2007. By subsequent order dated December 3, 2007, the Court granted the Parties' Motion for Enlargement of Time and ordered that the parties' Joint Stipulation and proposed Confidentiality Order be filed on or before December 7, 2007. In response to the Court's Orders, the Parties file this Joint Stipulation and proposed Order.

WHEREAS Plaintiff Makah Indian Tribe ("Plaintiff") has filed this case, alleging that Defendant breached its trust duties in regard to management of Plaintiff's trust funds and requesting various forms of relief, including monetary damages;

WHEREAS Defendant United States of America ("Defendant") will provide Plaintiff's attorney(s) of record, as well as Plaintiff's officers, employees, representatives, and designated consultants or experts ("Plaintiff's Designees"), with access to certain documents, data, and other materials within the possession, custody, or control of Defendant, principally the United States

Department of the Interior ("Interior"), the United States Department of the Treasury ("Treasury"), and of the United States Department of Justice ("DOJ") that are relevant to Plaintiff's claims;

WHEREAS such documents, data, and other materials in the possession, custody, or control of Defendant—principally Interior and Treasury—and of DOJ and Plaintiff may contain information that is protected by federal law such as (1) information protected by the Privacy Act, 5 U.S.C. § 552a, including information about Individual Indian Money (IIM) accounts; Indian Minerals Development Act (IMDA), 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; and the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*); (2) confidential business information; or (3) confidential information that relates to Indian Tribes and/or Indian individuals not parties to this litigation;

WHEREAS such documents, data, or other materials may contain information relating to tribes and/or individuals not parties to this litigation; and

WHEREAS the information in such documents, data, and other materials is "Confidential Information," and the documents, data, and other materials will hereinafter be termed "Confidential Materials" for purposes of this Joint Stipulation and the associated Order,

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. This Joint Stipulation and the associated Order govern the provision of Confidential Materials and Confidential Information by Defendant to Plaintiff during this litigation, regardless of the context (*i.e.*, in litigation, ADR, or informal settlement discussions) in

which the provision occurs.

2. Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the Interior Department. Any Confidential Information contained in the Confidential Materials shall be kept strictly confidential by Plaintiff's attorney(s) and designee(s), and such Confidential Information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Joint Stipulation and the associated Order or in any further Order that this Court may enter.

3. Any documents, data, or other materials made available by Defendant to Plaintiff's attorney(s) or Plaintiff's designee(s) for inspection in this case shall be deemed confidential only for purposes of the inspection. Any images or copies of Confidential Materials that are provided to Plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of certain documents, data, and other materials to be provided to Plaintiff, in which case Defendant shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to Plaintiff. All documents, data, and other materials so endorsed shall be deemed Confidential Materials and protected as such under this Joint Stipulation and the associated Order.

4. If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Joint Stipulation and the associated Order. Alternatively,

Plaintiff may request that Defendant, within a specified period of time agreed to by the parties, review certain endorsed documents, data, or other materials to determine if they contain Confidential Information; redact any Confidential Information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the Confidential Information endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no longer be considered confidential and subject to this Joint Stipulation and the associated Order.

5. Documents, data, or other materials relating exclusively to individuals, other Tribes, or entities, or to funds, lands, and resources to which Plaintiff does not claim a legal interest shall not be produced to Plaintiff, unless Plaintiff and Defendant agree that such production would be appropriate and necessary for the purposes of this case. In the event that the parties agree that such documents, data, or other materials should be produced to Plaintiff, Defendant shall include on the documents, data, or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, or other materials to Plaintiff.

6. Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" and shall be subject to the same provisions as copies or images of the Confidential Materials.

7. Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to representing a party herein; and (3) Plaintiff's designees in this case. Plaintiff's designees may include attorneys representing other Tribes in other Tribal trust fund mismanagement cases, if Plaintiff and its counsel determine that such designations are needed for the litigation, settlement, or other alternative resolution of this case. Plaintiff assumes all liability for the disclosure of any Confidential Information and/or Materials to its designees, including any liability that may arise from any claims brought by individuals or tribes (other than Plaintiff) that may be based on or stem from the disclosure of Confidential Information and/or Materials related to those individuals or those other tribes. Defendant (including the Departments of the Interior and of the Treasury) and DOJ shall be held harmless for any disclosures of any Confidential Materials and/or Information by Plaintiff to its designees. Plaintiff's attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of Plaintiff's attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, each person receiving such access shall execute an "Affidavit of Confidentiality," in the form attached hereto as Exhibit 1, and provide the Affidavit to Plaintiff's attorney(s) of record. (No Affidavit of Confidentiality needs to be executed by support staffers who simply handle or file the Confidential Materials but do not review their contents.) The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

8. Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Information, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with the Rules of this Court and other applicable court rules, policies, and Orders; provided that, pursuant to this Order, the parties shall not be required to file motions for leave to file documents under seal. Materials or pleadings filed under seal shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action, an indication of the nature of the contents of such sealed container or other container, the phrase "Confidential Materials – Filed Under Seal," and a statement substantially in the following form:

> This envelope or container is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed, except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court or attorney of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

9. It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, of Plaintiff's designees, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Joint Stipulation and the associated Order, to control duplication of, access to, and distribution of the Confidential Materials.

10. All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Joint Stipulation and the associated Order shall be returned to counsel for Defendant or be destroyed, immediately upon the termination of this litigation (including the resolution of any applicable appeals) or upon the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 6 of this Joint Stipulation and the associated Order who still have access to such Confidential Materials shall certify in writing that all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certifications and shall provide a copy thereof to Defendant's counsel upon request. In the event that an individual or entity to whom Confidential Materials are disclosed is no longer Plaintiff's attorney(s) or designee(s), the individual or entity shall immediately return to Counsel for Plaintiff or destroy all Confidential Materials in his or her possession as set forth in the Affidavit of Confidentiality, Exhibit 1, hereto. In the event that the individual or entity returns the Confidential Materials to Plaintiff's counsel, Plaintiff's counsel shall handle the materials in accordance with the requirements of this paragraph and the rest of this Joint Stipulation and the associated Order.

11. If Plaintiff disputes Defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing the assertion and designation of confidentiality. Within 20 days of the other party's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and

attempt to resolve the dispute. If the parties do not resolve the dispute within 20 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality. Plaintiff may request a shorter period of time for good cause.

12. Until further order of this Court, this Joint Stipulation and the associated Order shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

Defendant's attorney has authorized Plaintiff's attorney to file this Joint Stipulation on his behalf.

Respectfully submitted this 6th day of December, 2007,

MORISSET, SCHLOSSER, JOZWIAK & McGAW

*/s/ Frank R. Jozwiak*
Frank R. Jozwiak
*Attorney of Record for Makah Indian Tribe*
Morisset, Schlosser, Jozwiak & McGaw
1115 Norton Building, 801 Second Avenue
Seattle, Washington 98104-1509
Telephone: 206-386-5200
Facsimile: 206-386-7322
f.jozwiak@msaj.com

RONALD J. TENPAS
Acting Assistant Attorney General

*/s/ James M. Upton*
JAMES M. UPTON
*Attorney of Record for Defendant*
United States Department of Justice
Environment and Natural Resources Div.
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202-305-0482
Facsimile: 202-353-2021

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2007, I caused the foregoing **PARTIES' JOINT STIPULATION AND [PROPOSED] ORDER REGARDING CONFIDENTIALITY OF CERTAIN DOCUMENTS, DATA, AND OTHER MATERIALS TO BE PROVIDED BY DEFENDANT TO PLAINTIFF** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following recipients:

James M. Upton
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Attorneys for the United States

Anthony P. Hoang
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Attorneys for the United States

*/s/ Frank R. Jozwiak*
Frank R. Jozwiak
*Attorney of Record for Makah Indian Tribe*

T:\WPDOCS\0050\10011\Pleadings\Jt Stip re Conf FILE.DOC
kfn:12/7/07