# In the United States Court of Federal Claims

No. 06-889 L

(Filed December 14, 2007)

* * * * * * * * * * * * * * * * * * * * * *
MAKAH INDIAN TRIBE OF THE *
MAKAH INDIAN RESERVATION *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * * * * * *

## ORDER

The court has before it the parties' Joint Preliminary Status Report (JPSR), filed November 19, 2007. The parties note several unresolved disputes that prevent them from jointly proposing a litigation schedule in this case. These disputes include whether plaintiff's claims are stated with enough specificity, whether the phased prosecution of claims proposed by plaintiff focuses on the correct claim accrual time frames, and whether various proposed schedules for discovery and the filing of dispositive motions are appropriate. The parties also disagree as to whether a document preservation order will be necessary in this case.

On the other hand, the parties noted their progress toward developing a joint confidentiality stipulation and proposed protective order. The court approved the parties' joint stipulation and issued the requested protective order on December 12, 2007. Although additional areas of agreement were reported in the JPSR, notably a shared belief that bifurcation of liability and damages may potentially be useful, and an openness to alternative dispute resolution (ADR), these examples of cooperation are somewhat overshadowed by the parties' diverging perspectives on how they should proceed with discovery. Indeed, the court was unable to discern

from the text of the JPSR whether a detailed discovery schedule would respond to the conflicts discussed therein.

For this reason, the court limits the scope of this initial scheduling order to a few emergent issues that appear to be ripe for resolution. First, the court agrees with defendant that the issue of document preservation has not been sufficiently developed, at this point, so that the court could make an informed decision on this topic. Nonetheless, plaintiff may, by motion, request a document preservation order if and when the need for such an order compels court action.

Second, the court agrees with plaintiff that its claims, although rather generally stated, do not necessarily require a more specific statement at this time. *See* RCFC 8 (requiring "a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . a short and plain statement of the claim showing that the pleader is entitled to relief, and . . . a demand for judgment for the relief the pleader seeks"). Defendant also states that "[i]n Defendant's past experience with other Tribal trust accounting and trust mismanagement cases involving similar complex breach of trust claims, a Plaintiff's full articulation of its claims, as well as the factual and legal bases for those claims, typically does not occur until after Plaintiff has disclosed its expert witnesses' respective reports." JPSR at 25. Therefore, the court denies defendant's request that plaintiff be ordered to craft a more specific statement of plaintiff's claims at this juncture. The court nonetheless observes that the filing of dispositive motions, and the speedy resolution of plaintiff's claims, may be delayed if the contours of plaintiff's claims mystify defendant and the court. The court encourages plaintiff, as discovery proceeds, to move to amend its complaint at the earliest opportunity to add greater specificity to its claims. If, as defendant argues, certain periods of time provide a clear demarcation of changes in the legal relationships between the tribe and the government, plaintiff should consider dividing its claims into distinct accrual periods.

Finally, the court has reviewed the JPSR and does not recognize therein an obvious means for dividing discovery into phases or topic areas that would fairly meet the needs of both parties. The government's defenses depend on information that may emerge through discovery, and plaintiff's interest in filing a dispositive motion on liability issues is equally well-served by discovery procedures. These defenses and liability issues appear to be intertwined, or, at the least, this court has not been convinced by the parties' arguments that certain discovery measures must

necessarily precede others.

For these reasons, the court extends initial formal discovery for another 180 days, up to and including June 16, 2008. In addition, the court notes that the JPSR states that the initial disclosures required by RCFC 26(a)(1) have not been objected to by either party. The parties shall confer and report to the court on or before February 14, 2008, as to their proposed compliance with the specific procedures outlined in Appendix A of this court's rules. Cooperation in a jointly proposed schedule is strongly urged. Upon receipt of the parties' joint status report, and more clearly defined proposals for a schedule or schedules for this litigation, the court will consider such proposals.

Accordingly, it is hereby **ORDERED** that:

(1) Initial disclosures required by RCFC 26(a)(1), if not already made, shall be **COMPLETED** on or before **January 2, 2008**;

(2) The parties shall **FILE** a **Joint Status Report,** on or before **February 14, 2008**, which shall include a proposed litigation schedule or schedules for the subject matter as well as a report on any ADR progress; and

(3) Initial formal discovery shall be **COMPLETED** on or before **June 16, 2008**.

/s/Lynn J. Bush
LYNN J. BUSH
Judge