**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MAKAH INDIAN TRIBE OF THE MAKAH INDIAN RESERVATION,** | ) | |
| | ) | **No. 06-cv-889 LJB** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Judge Lynn J. Bush** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SUPPLEMENTAL JOINT STATUS REPORT

## I. INTRODUCTION

Pursuant to the Court's Order of December 14, 2007, Plaintiff Makah Indian Tribe ("Plaintiff") and Defendant United States ("Defendant"), through the undersigned counsels of record, submit this Supplemental Joint Status Report ("Report") to the Court. This Report supplements the Joint Preliminary Status Report ("JPSR") filed by the parties on November 19, 2007 in this matter (Doc. 17). To the extent statements made in the JPSR are not inconsistent with statements made in this Report, the statements in the JPSR are incorporated herein.

## II. PHASES OF LITIGATION

The parties agree that this litigation should be divided into two or more Phases based upon discrete and relevant time periods. Phase I will include the period from July 1, 1972, to December 31, 1992, or Fiscal Years 1973-1992, which is the time frame for the Tribal trust fund reconciliation project (commonly known as the "Arthur Anderson project").

Future Phases may include claims accruing on or before August 13, 1946; claims arising during the period from August 14, 1946, through December 31, 1971; and claims arising during the period from January 1, 1993 to the present.

## III. PHASE I STAGES.

The parties propose that Phase I proceed as follows:

### A. Stage 1

1. Initial disclosures have been exchanged, and neither party has objected to the other party's disclosures.

2. The Court's Order of December 14, 2007, provides that Plaintiff's initial formal discovery shall be completed on or before June 16, 2008. The term "completed" is presumed to include resolution of any discovery disputes that may arise.

Plaintiff's initial formal discovery was served on Defendant on August 27, 2007. To date, Defendant has responded, in part, to several Requests for Production. Defendant served Plaintiff with a Response and Objections to Plaintiff's discovery requests on November 30, 2007. In addition to asserting that Defendant requires more information with respect to certain Requests for Production of documents, Defendant also stated that it would not be able to provide certain requested documents until a joint document and data confidentiality protective order was in effect in order to protect the privacy rights of other tribes and Indians whose information and data may be included in the documents Plaintiff has requested. On December 12, 2007, this Court entered its Protective Order (Doc. 21) approving the parties' Stipulated Confidentiality Agreement (Doc. 20). Section M.2.a, pages 19-20, of the JPSR of November 19, 2007, sets forth Plaintiff's explanation of pending discovery. As of the date of this Report, Defendant is in the process of finishing its Supplemental Response to plaintiff's formal discovery and shall provide its response to Plaintiff on or before February 28, 2008.

As noted in the JPSR filed on November 19, 2007 (Doc. 17), Plaintiff's fact discovery in this matter is extremely complex and time consuming. It is likely that additional time will be

necessary for completion of Plaintiff's initial discovery beyond the June 16, 2008 date established by the Court. In the JPSR, Defendant agreed with Plaintiff that 365 days is an appropriate amount of time for completion of the initial phase of discovery.

3. Within 90 days following the close of Plaintiff's initial formal discovery, Plaintiff shall serve Defendant with a detailed specification of Plaintiff's claims and the factual legal basis thereof.

**B. STAGE 2**

1. Following receipt of Plaintiff's specific statement, Defendant shall proceed with formal discovery with respect to jurisdiction and other defenses raised in Defendant's Answer to the Complaint. Plaintiff reserves the right to serve additional discovery requests on Defendant during this Stage of discovery if Defendant's discovery raises issues relating to Plaintiff's prosecution of its Phase I claims.

2. Stage 2 discovery shall be completed within 120 days after Defendant's receipt of Plaintiff's specific statement under section B.1. above.

**C. STAGE 3**

Within 30 days following completion of Stage II of Phase I discovery, Defendant shall file any complete and partial dispositive motions on jurisdiction and other defenses raised in Defendant's Answer to the Complaint.

**D. STAGE 4**

Following resolution of Defendant's dispositive motions, if claims still survive, Stage 4 will begin. Stage 4 will include exchange of expert reports and expert discovery, depositions, and Rule 30(b)(6) discovery, and any additional fact discovery which may be required. The parties shall meet and confer to establish an expert report schedule, rebuttal schedule, and expert

and Rule 30(b)(6) deposition schedule and shall provide a Status Report to the Court within 20 days following the Court's ruling on Defendant's dispositive motions.

## IV. PHASE I PRETRIAL

1. After completion of Stage 4 of Phase I discovery, the parties shall begin pretrial and trial preparation activity and shall obtain a pretrial order from the Court in accordance RCFC 16 and Appendix A.

2. The parties reserve their right to propose modifications to the Phase I schedule set forth in this Report if made necessary by unforeseen circumstances.

## V. STATUS OF ALTERNATIVE DISPUTE RESOLUTION

In its Order of December 14, 2007 (Doc. 22), the Court ordered that the parties report on any Alternative Dispute Resolution progress in this case. In the JPSR filed November 19, 2007, Plaintiff and Defendant stated their intent to pursue ADR in an effort to resolve this litigation without trial. Defendant stated that it believes there remains a potential for settlement, Alternative Dispute Resolution, or other informal resolution of Plaintiff's claims without the need for protracted litigation. However, both parties agree that meaningful Alternative Dispute Resolution or settlement discussions cannot take place until after completion of Stages 1-3 and possibly Stage 4, of Phase 1 have been completed. Completion of these stages should provide the parties with the factual and legal bases for pursuing meaningful Alternative Dispute Resolution methods or settlement.

Defendant's attorney has authorized Plaintiff's attorney to file this Supplemental Status Report on Defendant's behalf.

DATED this 14th day of February, 2008.

MORISSET, SCHLOSSER, JOZWIAK &
McGAW

__/s/ Frank R. Jozwiak_ ______________
FRANK R. JOZWIAK
f.jozwiak@msaj.com
Morisset, Schlosser, Jozwiak & McGaw
1115 Norton Building
801 Second Avenue
Seattle, Washington 98104-1509
Tel: 206-386-5200
Fax: 206-386-7322
Attorney of Record for Plaintiff

RONALD J. TENPAS
Acting Assistant Attorney General

__/s/ James M. Upton__ _______________
JAMES M. UPTON
james.upton@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0482
Fax: 202-353-2021
Attorney of Record for Defendant

OF COUNSEL:
ANTHONY P. HOANG
Anthony.Hoang@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0241
Fax: 202-353-2021

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20270

T:\WPDOCS\0050\10011\Pleadings\StatusRpt REVISED 021308.DOC
kfn:2/13/08