# In the United States Court of Federal Claims

No. 06-889 L
(Filed February 25, 2008)

* * * * * * * * * * * * * * * * * * * * * *
MAKAH INDIAN TRIBE OF THE MAKAH INDIAN RESERVATION *

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * * * * * * *

**ORDER**

The court has before it the parties' Supplemental Joint Status Report (SJSR), filed February 14, 2008, which supplements the parties' Joint Preliminary Status Report (JPSR), filed November 19, 2007. In the SJSR, the parties jointly propose a litigation schedule for the initial stages of this litigation. The court commends the parties for their cooperation, and encourages them to continue to work together to resolve procedural issues and any differences related to the conduct of discovery.

The SJSR states that the first phase of this litigation, denoted Phase I, should focus on plaintiff's claims arising from July 1, 1972 through December 31, 1992, or fiscal years 1973-1992. SJSR at 1. Future phases may focus on claims arising in the following time periods: before and up to August 13, 1946; from August 14, 1946 through December 31, 1971; and, from January 1, 1993 to the present. *Id.* Phase I is further divided into four stages, which will then be followed by pretrial activities, if needed.

Stage 1 has three tasks: one that has been completed, another that is ongoing, and a third that, when completed, will trigger Stage 2. Initial disclosures, the first task of Stage 1, have been exchanged and have not been challenged. Plaintiff's initial formal discovery, the second task of Stage 1, began on August 27,

2007, and is, by the court's order of December 14, 2007, currently scheduled to be completed by June 16, 2008.

Defendant responded to plaintiff's initial discovery requests on November 30, 2007, and will further respond on February 28, 2008. The parties suggest that 365 days is a more realistic time-frame for the completion of initial formal discovery, which, according to the court's calculation, would extend initial formal discovery through August 27, 2008. The parties suggest that the third task of Stage 1 will be occur ninety days after initial formal discovery is completed, when "Plaintiff shall serve Defendant with a detailed specification of Plaintiff's claims and the factual legal basis thereof." SJSR at 3. The court prefers that such notice of specific claims and of their bases be filed in the form of a first amended complaint.[1] Thus, plaintiff's first amended complaint shall be filed on or before December 1, 2008, and Stage 1 ends with that filing.

Stage 2 begins on December 1, 2008, and comprises formal discovery by defendant related to jurisdictional and other defenses. *Id.* Stage 2 also includes an opportunity for plaintiff to continue discovery on issues raised by defendant's discovery requests. Stage 2 is scheduled to conclude 120 days after the filing of the first amended complaint, or on April 1, 2009. The court will require a joint status report on or before April 15, 2009, regarding the status of proceedings and settlement opportunities that have taken place during Stages 1 and 2 of Phase I.

Stage 3 is devoted to the filing and resolution of defendant's partial and

---

[1]/ Although pursuant to Rule 15 of the Rules of the United States Court of Federal Claims (RCFC) leave of the court must be sought to file a first amended complaint after defendant's answer has been filed, leave is "freely given" in most instances, especially in a circumstance where, as here, both parties have expressed an interest in working with a more specific version of plaintiff's claims. *See* RCFC 15(a). None of the factors that typically counsel against permitting an amendment of a complaint are present in this situation. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 & n.4 (Fed. Cir. 1989) (stating that "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment' may justify the denial of a motion for leave to amend" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Furthermore, obliging the parties and the court to refer to two lengthy documents to decipher plaintiff's claims in this case promotes needless confusion which would be obviated by combining the two into one unified pleading. Accordingly, the court here grants leave for plaintiff to file its first amended complaint on or before December 1, 2008.

complete dispositive motions based on jurisdictional and other defenses outlined in defendant's answer. *Id.* Defendant's dispositive motions shall be filed within thirty days of the end of Stage 2; thus, these dispositive motions are due on or before May 1, 2009. Stage 3 ends when the court has resolved defendant's dispositive motions.

Stage 4, assuming some of plaintiff's claims related to the time period of July 1, 1972 through December 31, 1992 survive, will be comprised of the "exchange of expert reports and expert discovery, depositions and Rule 30(b)(6) discovery, and any additional fact discovery which may be required." *Id.* The schedule of proceedings for Stage 4 will be submitted by the parties in a joint status report twenty days after the resolution of defendant's dispositive motions. This report shall include "an expert report schedule, rebuttal schedule, and expert and Rule 30(b)(6) deposition schedule." *Id.* at 3-4.

The parties asssert that meaningful alternative dispute resolution "cannot take place until after the completion of Stages 1-3 and possibly Stage 4[] of Phase I." *Id.* at 4. After the close of Stage 4 of Phase I, if settlement activities do not provide a reasonable alternative, the parties will solicit a pretrial order specifying the parties' responsibilities according to RCFC 16 and Appendix A. The court reminds the parties that they should consider settlement, and alternative dispute resolution mechanisms, at each stage of Phase I activities.

The court acknowledges the effort and compromise which is embodied in the parties' SJSR. The court adopts the parties' suggestions therein for the phases and stages of litigation, with the minor adjustments noted *supra*. Reasonable modifications to the proposed schedule will be entertained, as needed.

Accordingly, it is hereby **ORDERED** that:

(1) The court's scheduling order of December 14, 2007 is **MODIFIED** in relevant part;

(2) Plaintiff's **initial formal discovery** is **EXTENDED** through August 27, 2008;

(3) Plaintiff's **First Amended Complaint** shall be **FILED** on or before **December 1, 2008**;

(4) Defendant's **formal discovery** related to jurisdictional and other defenses shall **BEGIN** on **December 1, 2008** and conclude on or before **April 1, 2009**, and during this time plaintiff may continue discovery on issues raised by defendant's discovery requests;

(5) The parties shall **FILE** a **Joint Status Report** on or before **April 15, 2009**, or two weeks after completion of discovery, whichever occurs earlier, informing the court as to the status of proceedings in this case, and the extent to which the parties have determined whether any or all of the instant matter may be settled;

(6) Defendant's **dispositive motions** based on jurisdictional and other defenses outlined in defendant's answer shall be **FILED** on or before **May 1, 2009**;

(6) The parties shall **FILE** a **Joint Status Report twenty days after** the resolution of defendant's dispositive motions, informing the court as to the status of proceedings in this case and the extent to which the parties have determined whether any or all of the instant matter may be settled, and, if necessary, proposing an expert report schedule, rebuttal schedule, and expert and Rule 30(b)(6) deposition schedule.

/s/Lynn J. Bush
LYNN J. BUSH
Judge